IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:25-cv-00803-M-RN

RUDOLPH BLACK, and
DAISOLA BLACK,

            Plaintiffs,

v.

TONYA C. LEGGETT,

            Defendant.

ORDER

This matter comes before the court on the Defendant's Motion to Dismiss [DE 9]. The motion was referred to United States Magistrate Judge Robert T. Numbers, II, who issued a memorandum and recommendation ("M&R") pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). DE 18. Judge Numbers recommends that this court grant Defendant's motion to dismiss Plaintiffs' complaint for Plaintiffs' lack of standing to bring their brothers' claims, for this court's lack of jurisdiction to hear Plaintiffs' official-capacity claims, and for Plaintiffs' failure to state plausible individual-capacity claims. *See id.* Judge Numbers instructed the Plaintiffs to file any written objections to his recommendation within fourteen (14) days after the M&R was served. *Id.* at 11. Plaintiffs filed a timely "reply" to the M&R on May 29, 2026.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection

is made." *Id.* § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Stokes v. Berryhill*, 294 F. Supp. 3d 460, 462 (E.D.N.C. 2018) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The court finds Plaintiffs fail to identify specific findings or recommendations to which they object. Rather, they assert "THAT YOUR DAMNED DEPRAVED SO CALL JUSTICE SYSTEM IS POLLUTED WITH RACE BIGOTRY THAT STINKS TO NO END, AND THAT YOU MAGISTRATE JUDGE, ROBERT T. NUMBERS II, HAVE THE AUDACITY TO SEND TO US A BUNCH OF JUNK IN WRITTEN FORM." DE 19 at 1. Construing the document liberally, Plaintiffs appear to object to Judge Numbers' finding that Defendant enjoys immunity from liability for the conduct alleged in the Complaint, but they do not identify an error in Judge Numbers' conclusion that she is entitled to it. *See id.* at 2 ("THERE IS NO JUST PERSON IN THE WORLD, THAT WILL AGREE WITH YOU JUDGE NUMBERS, NOR . . . THAT WILL STOOP, AS LOW AS YOU HAVE, NOT TO EVEN MENTION THE WORD IMMUNITY, AS A RELIEF MECHANISM TO GRANT TONYA C. LEGGETT ANYTHING TO RELIEVE HER, FROM FEDERAL FINES AND FEDERAL PRISON TIME, WHICH SHE RIGHTFULLY DESERVE IN THIS LIFE TIME, RIGHT NOW."). Even if they did identify an error, which would trigger this court's de novo review, Plaintiffs make no objection to Judge Numbers' alternative findings that Plaintiffs lack standing to assert their brothers' claims and that Plaintiffs' factual allegations fail to state plausible claims for relief. *See id.*; *see also* DE 18 at 5, 9-11.

2

Upon careful review of the M&R and the record presented, and finding no error in law or fact, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Defendant's motion is GRANTED and Plaintiffs' claims are DISMISSED. The Clerk of Court is directed to close this case.

SO ORDERED this 28th day of July, 2026.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3